**UNITED STATES of America,**
**Plaintiff,**

v.

**Oscar DIAZ, Omar Ceballos Villasenor,**
**Arturo Romero, Defendant.**

**No. 2:02CR530.**

United States District Court,
D. Utah,
Central Division.

Aug. 4, 2003.

reject contentions not included in a proper pretrial order.).

Richard G. MacDougall, Carlos A. Garcia, Scott C. Williams, Sharon L. Preston, Salt Lake City, UT, for defendants.

Clark A Harms, Chad L. Platt, Salt Lake City, UT, for plaintiff.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter is before the court on government's Motion to Allow Withdrawal of Guilty Plea and to Dismiss Without Prejudice a Grand Jury Indictment against all defendants.

### FACTUAL BACKGROUND

Prior to the Indictment, on the evening of June 5, 2002, after his arrest earlier in the day, defendant Romero became an Informant for the government to assist a Task Force of federal and State of Utah officials in the apprehension and prosecution of defendant Villasenor. The government entered into a verbal agreement with Romero promising to prosecute him in state court rather than in federal court in return for his cooperation. Thereafter, on September 4, 2002, after being advised of Romero's "continuing activity,"[1] the government elected to proceed against Romero, as well as Diaz and Villasenor, in this court by way of an Indictment by a federal Grand Jury, which charged that the defendants:

> did knowingly and intentionally conspire to possess and/or distribute, or attempt to possess and/or distribute a List I precursor chemical controlled substance, ephedrine, knowing or having reasonable cause to believe that the listed chemical will be used to manufacture a controlled substance, methamphetamine, to wit: 50 pounds or more of ephedrine, a controlled substance (immediate precursor) and list I chemical within the meaning of 21 U.S.C. § 802, and did aid and abet therein; all in violation of 21 U.S.C. §§ 841(c)(2), and 846, and 19 U.S.C. § 2 and punishable under 21 U.S.C. § 841(c).

Indictment (Doc. # 13) at 2.

Diaz and Villasenor originally were charged in state court. Subsequently, the government caused the state court to dismiss the state charges against them in anticipation of the federal prosecution.

---

1. The government has taken the position that it was mistaken to include Romero as a defendant in the federal Indictment because the information provided regarding Romero's "continuing activity" apparently was false. However, the prosecutor did not determine from the FBI agent who provided the information, which constituted the factual basis of the alleged conduct by Romero, or why it was "false." In any event, it was made clear to the court that the government was satisfied that it had sufficient evidence against Romero to justify prosecution against him on the charges presented to the Grand Jury.

Romero was not charged in state court, but the government alleges in its motion the intention to file such charges against Romero and to refile charges against Villasenor and Diaz in state court should this court grant the motion to dismiss the federal Indictment as to all defendants.

On April 24, 2003, defendant Romero entered a plea of guilty to the federal charges. That same day, the government filed a motion to dismiss (hereinafter "first motion to dismiss") pursuant to a plea agreement, which contemplated state court prosecution against Romero in substitution for the federal Indictment. The government's motion was denied by this court.[2] Trial proceeded against Villasenor[3] on April 30, 2003, and as had been agreed, Romero testified on behalf of the government. On May 1, 2003, a mistrial was declared and the trial was rescheduled to commence on July 7, 2003. After a five day trial, defendant Villasenor was convicted. Romero again testified on behalf of the government.

In the intervening time between the trials, the government filed the instant Motion to Allow Withdrawal of Guilty Plea and to Dismiss Without Prejudice (hereinafter "second motion to dismiss"). On June 5, 2003, this court conducted a hearing on the motion. Special Assistant U.S. Attorney Chad L. Platt appeared as counsel for the government. Carlos Garcia, Scott Williams, and Sharon Preston appeared as counsel for defendants Oscar Diaz, Omar Ceballos Villasenor, and Arturo Romero, respectively. This court denied the motion, but reserved final ruling to allow further briefing by the parties. Following written submissions by Mr.

Platt on behalf of the government and by Mr. Williams on behalf of defendant Villasenor, on June 23, 2003, the court heard further argument including by Mr. Garcia in support of the motion. Due to the absence of Ms. Preston and defendant Romero, the court held in abeyance its final ruling on the government's Motion to Dismiss as to Romero and its Motion to Allow Withdrawal of Guilty Plea, to which motions Romero had joined orally. The final hearing as to this matter came before the court on July 22, 2003. The court reaffirmed its prior rulings denying the motion to withdraw the guilty plea and to dismiss as to defendant Romero, as well as denying the government's motion to dismiss the Indictment without prejudice in favor of proceeding against all defendants in state court.

Being now fully advised, the Court enters its Memorandum Decision and Order.

## ANALYSIS

The government's motion is really three motions in one: a motion to withdraw guilty plea by defendant Romero, a motion to dismiss the Indictment against defendant Romero (without prejudice), and a motion to dismiss the Indictment against the other defendants (without prejudice). These motions will be discussed seriatim.

### I. *Motion to Withdraw Guilty Plea by Defendant Romero*

 The government is an improper party for filing a motion to withdraw a plea of guilty because it lacks standing to do so. The Federal Rules of Criminal Procedure provide that such a motion may be filed by a *defendant*.[4] This court knows

---

**2.** *See infra* part II.

**3.** Defendant Diaz has been a fugitive for several months and was not available for trial.

**4.** Fed. R.Crim. Proc. 11(d), formerly denominated as Fed. R.Crim. Proc. 32(e) reads:

A *defendant* may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if:

of no case which would allow the prosecution, in a similar fact situation, to move for withdrawal of a guilty plea on behalf of a defendant. Counsel for Romero verbally joined in the Motion, but did not file a written submission in support.

In any event, the motion to withdraw guilty plea is not meritorious. According to Fed. R.Crim. Proc. 11(d)(2)(B), the Defendant has the burden of showing a "fair and just reason" for requesting the withdrawal. In weighing applicable considerations, this court rules that on balance no such showing has been made and the scales tip against granting the motion.

■■■ In *United States v. Guthrie* the Tenth Circuit set forth a seven-factor test to determine whether the defendant has established a "fair and just reason" for allowing withdrawal of a guilty plea. 64 F.3d 1510, 1513 (10th Cir.1995) (citing *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir.1993)). The seven factors in *Guthrie* as applied to defendant Romero are as follows:

(1) *assertion of innocence by defendant:* Obviously, this factor weighs against the withdrawal of his plea since it is clear that Romero admits guilt and intends to plead guilty in state court to charges essentially similar to the federal Indictment to which he has already pled guilty in this case.

(2) *prejudice to the government if the motion is granted:* Withdrawal of the guilty plea apparently would not prejudice the government since it intends to proceed against Romero in state court. However, serious prejudice to the government may come about because of adverse public perception of this case (and other cases)

that the government engages in jurisdiction and forum shopping in connection with plea bargains, thus allowing defendants to bargain for the forum in which they will be prosecuted. This could tend to undermine confidence in our judicial system, which would be more prejudicial than the additional cost and time it will take to prosecute in state court.

(3) *whether the defendant has delayed filing the motion to withdraw the plea:* The prosecution, not the defendant, originally brought this motion. The court allowed counsel for Romero additional time to brief issues raised in both motions to dismiss filed by the government. In connection with the first motion counsel for Romero filed a memorandum urging dismissal under Rule 48 even though the government's motion did not assert that it was made pursuant to Rule 48, which only the government has authority to file.[5] With regard to the second motion, Romero's counsel did not file any memorandum in support and failed to make an appearance at a scheduled hearing which caused additional delay to reschedule.

(4) *inconvenience to the court if the motion is granted:* By this motion, the government attempts to divest this court of all jurisdiction or control over the sentencing of defendant Romero notwithstanding the several proceedings which have already been conducted in this court concerning Romero. This court conducted the

---

(A) the court rejects a plea agreement under Rule 11(c)(5); or

(B) the *defendant* can show a fair and just reason for requesting the withdrawal.

Fed. R.Crim. Proc. 11(d) (emphasis added).

**5.** Rule 48 states: "The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R.Crim. Proc. 48(a).

Rule 11 proceeding and took the plea of guilty by Romero and has since received and reviewed the Presentence Report prepared by the probation department. All of this effort and time has been devoted on the assumption that federal prosecution was bona fide and based on evidence which the government believed to be sufficient to justify prosecution in federal court after having conducted due diligence. Although this court has rendered no opinion and has no opinion at this time as to what sentence would be appropriate, the time and effort thus far spent would be lost resulting in inconvenience to this court as well as to the state court.

(5) *quality of defendant's assistance of counsel during the plea:* Defendant Romero has had the support and advice of his counsel Ms. Preston at and prior to the entry of the plea and has expressed confidence in and satisfaction with her representation.

(6) *whether the plea is knowing and voluntary:* This factor weighs heavily against withdrawal of Romero's plea. In his Statement in Advance of Plea of Guilty, defendant Romero acknowledged and certified that he had been fully advised and had understood all the facts and rights related to his plea of guilty, as follows:

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influences of any drugs, medication or intoxicants.

Statement in Advance of Plea (Doc. # 77) at 7.

Counsel for Romero asserted orally to the court at a prior hearing when the motion to withdraw was discussed that she erred in prognosticating to Romero the probable range of months likely to be computed under the Sentencing Guidelines. However, she said that when the matter of computation was discussed with Romero, he was clearly told that the final computation would be made by the Court after review of the Presentence Report. In the Statement in Advance of Plea, freely signed by Romero and his counsel, it states:

3. I know that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to the Sentencing Reform Act of 1984, and I have discussed that with my attorney. I further know that the final calculation by the Court for sentencing purposes under the procedures applicable to that Act may differ from any calculation the United States, my attorney, or I may have made, or that the United States and I may have agreed to and set out in ¶ 12 or ¶ 13 of this agreement and that I will not be able to withdraw my plea if they are different than the Court's calculations.

*Id.* at 2.

(7) *waste of judicial resources:* If this motion were granted, judicial resources would be wasted thus weighing against withdrawal of the plea of guilty. The prosecution sought to circumvent the jurisdiction of this court altogether and proceed by re-filing the action in state court following the withdrawal of the plea. This would have been a second attempted round of state prosecution against defendants Diaz and Villasenor since

the government previously caused dismissal of charges filed in state court against them. Such bouncing back and forth between state and federal court is and would be a waste of the judicial resources of both jurisdictions.

■ The Tenth Circuit has emphasized that it is in the sound discretion of a district court to grant or deny a motion to withdraw a plea of guilty. *United States v. Gordon,* 4 F.3d at 1572–1573. Manifestly, consideration of the seven elements set forth in *Guthrie,* and looking at the totality of the circumstances, neither the defendant nor the prosecution has established a "fair and just reason" for withdrawal of Romero's guilty plea.

## II. *Motion to Dismiss the Indictment Against Defendant Romero*

At a hearing on February 26, 2003, this court first became aware that the parties were bargaining for state prosecution in exchange for Romero's cooperation. The court made it clear that any plea agreement which would completely divest this court of jurisdiction by dismissal and transfer to state court would interfere with and defeat this court's authority under Rule 11 and likely would be rejected by the court.

Sometime later, this court was advised that a new plea arrangement had been negotiated in this federal case which was to be presented at the time Romero was to plead guilty. On the same day Romero's plea was to be taken, the government filed its first motion to dismiss the Indictment against Romero only, based upon the previous plea bargaining which contemplated dismissal of the federal charges against Romero in favor of state prosecution. A memorandum by Romero was filed shortly thereafter in support of dismissal pursuant

to Fed. R.Crim. Proc. 48, under which rule only the government has the right to proceed.[6] Counsel stated in open court that the motion to dismiss was made pursuant to the original plea agreement with Romero. The court then indicated that it would deny such a plea bargain in that it would unduly interfere with the court's authority to reject proffered plea agreements under Fed. R.Crim. Proc. 11(c)(3). A hearing was then was conducted on defendant Romero's request for change of plea to guilty in accordance with a plea bargain contained in a Statement in Advance of Plea. The court, after full examination of Romero under oath, proceeded to take and to accept defendant's plea of guilty to the federal Indictment. Action on the plea agreement was deferred to the time of sentencing.

In *United States v. Carrigan* the Tenth Circuit refused to grant a writ of mandamus directing the district court to accept a plea agreement that included a provision to dismiss the charges against one of the defendants. 778 F.2d 1454 (10th Cir.1985). The Tenth Circuit held that the government could not "change the authority of the Court to accept a plea agreement or to reject a plea agreement under Rule 11(c) by merely invoking Rule 48(a)" which governs dismissal of charges. *Id.* at 1459. The court reasoned that

> "[while the] procedures of Rule 11 are largely for the protection of criminal defendants ... Rule 11 also contemplates the rejection of a negotiated plea when the district court believes that bargain is too lenient, or otherwise not in the public interest."

*Id.* at 1462 (quoting *United States v. Miller,* 722 F.2d 562, 563 (9th Cir.1983)).

■ Although defendant Romero has an interest in dismissal of his case from the federal court because of his perception,

---

6. *See* footnote 5, *supra.*

and that of his counsel, that state prosecution would result in more lenient penalties, defendant has no right to cause dismissal of federal prosecution in favor of state prosecution after, as here, the government has chosen to proceed in federal court, nor should he be able to bargain for an alternative forum. *See United States v. Morehead,* 959 F.2d 1489, 1499 (10th Cir.1992) (upholding the constitutionality of federal prosecution as compared to state prosecution even though the former entailed much more severe penalties for the same offense).

The government relies in part on *United States v. Hamm* in which the Fifth Circuit held that it was "not against public interest" to dismiss charges as a reward for past cooperation and to assure continuing cooperation of defendants who already had pleaded guilty. 659 F.2d 624 (5th Cir. 1981). Even if *Hamm* constituted controlling authority over this court, the facts are significantly different. Defendants in *Hamm* did not bargain for dismissal of the Indictment in favor of state prosecution, but rather were rewarded for the "extraordinary usefulness of the information and ... the great personal risk [they] took in making their revelations." *Id.* at 626.

 The government's instant motion to dismiss Romero (i.e. government's second motion to dismiss) is identical in substance to the prior motion which this court denied. It is again based upon the same reasoning that only state court prosecution had been bargained for. The government's second motion to dismiss Romero was and is denied. The court reaffirms its denial of the government's first and second motions to dismiss Romero on the ground that the motions conflict with the court's

authority to accept or reject a plea agreement under Fed. R.Crim. Proc. 11(c).

### III. Motion to Dismiss the Indictment Against the Other Defendants

 The government's motion was that not only should Romero's plea of guilty to federal charges be withdrawn and the case against him dismissed in favor of state prosecution, but that the federal Indictment as to the remaining defendants should also be dismissed in favor of refiled charges against them in state court.

 Under Fed. R.Crim. Proc. 48(a) after a formal charge has been brought, a motion by the government to dismiss requires "leave of court." [7] Although there is case law to the effect that the role of the court in restricting the prosecutorial power is quite limited,[8] the court may withhold leave of court to permit dismissal of an Indictment if the three factors set forth by the Tenth Circuit in *Carrigan* weigh against dismissal: (1) the public interest, (2) the fair administration of criminal justice and (3) the need to preserve the integrity of the courts. 778 F.2d at 1463.

### (1) Manifest Public Interest

 The government has the awesome and unfettered discretion to bring a charge and to determine and choose the jurisdiction and forum in which the charge is brought at the outset of the case. Ordinarily, the court has nothing to say or any power to interfere with that initial exercise of discretion by a prosecutor, in this case the United State Attorney. However, once the charge is filed, such as a charge asserted in an Indictment by a Grand Jury, limits are placed upon the prosecution as to the dismissal of said charges,

---

7. *See* footnote 5, *supra.*

8. *See United States v. Garcia–Valenzuela,* 232 F.3d 1003 (9th Cir.2000); *United States v. Goodson,* 204 F.3d 508 (4th Cir.2000); *United*

States v. Gonzalez, 58 F.3d 459 (9th Cir.1995); *United States v. Manbeck,* 744 F.2d 360 (4th Cir.1984); *United States v. Perate,* 719 F.2d 706 (4th Cir.1983).

and leave of court must be obtained to effect a dismissal, subject to unreasonable withholding of such leave amounting to an abuse of the court's discretion. Prosecutorial discretion does not allow the government to bounce back and forth between state and federal forums according to a strategy or perceived prosecutorial benefit without regard to the manifest public interest.

The Tenth Circuit has ruled that a lower court may deny leave to dismiss an Indictment when dismissal is "motivated by considerations clearly contrary to manifest public interest." *Carrigan,* 778 F.2d at 1463 (citing *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975)). The Tenth Circuit also has recognized that in some circumstances "prosecutorial discretion to vindicate the societal interest in prosecution includes a decision to refer a case for prosecution in a more suitable forum." *United States v. Raymer,* 941 F.2d 1031 (10th Cir.1991). However, the *Raymer* case does not countenance forum shopping. Rather, it enunciated that the paramount motivation in exercise of prosecutorial discretion must be "societal interest" in the most "suitable forum." Manifestly, neither that case nor any case on the books would regard it as an abuse of the court's discretion to weigh the public interest as an important factor in the determination of granting or withholding leave to dismiss.

In the case at bar, the court does not challenge the good faith of the prosecutor in trying. repeatedly to honor a verbal agreement with defendant Romero. However, the prosecution should not lightly discount the fact that all three defendants were properly indicted by a federal Grand Jury for violation of federal law. Under the circumstances present in this case, where granting leave to dismiss would divest this court entirely of all jurisdiction and control it would be against the manifest public interest to allow dismissal of the Indictment.

**(2) *Fair Administration of Criminal Justice***

One of the prime purposes of Rule 48(a) is to protect criminal defendants from prosecutorial harassment. *Id.* at 1463 (citing *Rinaldi v. United States,* 434 U.S. 22, 31, 98 S.Ct. 81, 86, 54 L.Ed.2d 207 (1977)). This case is unusual in that rather than asserting harassment, the defendants are very supportive of dismissal and transfer back again to state court. In this regard, counsel for defendant Diaz and defendant Villasenor emphasize that the prosecution acted nobly in admitting its "mistake" of having indicted Romero in federal court, and that it is now entirely appropriate for the prosecution to rectify that mistake by seeking withdrawal of the federal plea of guilty and dismissal of the federal charges against the other defendants "without prejudice." They argue that dismissal of the federal charges would serve the best interests of justice. Counsel for defendant Villasenor unabashedly, but very mistakenly, applauded the practice of forum shopping in this case as serving the interests of justice.

 The fair administration of criminal justice does not condone or countenance the practice of post-Indictment forum shopping and/or jurisdiction shopping. It appears to this court that the machinations of the prosecution in this case are tantamount to egregious abuse of the criminal justice system—close to crossing over the line as discussed in recent Tenth Circuit cases.[9]

---

**9.** In *United States v. McKissick,* 204 F.3d 1282 (10th Cir.2000) the court upheld the trial court's decision to deny defendant's motion to dismiss charges because of alleged forum shopping by government. In that case, defendant was not able to show that his pre-trial detention was the result of forum shopping or

This court is convinced, and on balance determines, that the fair administration of the criminal justice system would be served by retaining federal jurisdiction over all three of the defendants who were jointly charged with the conspiracy in this case. With regard to defendants Diaz and Villasenor, as well as defendant Romero, the vacillations of the prosecution between state and federal jurisdictions do not serve the best interests of the criminal justice system. Such vacillations amount to trivialization of the system, which is manifestly inappropriate.

In the present posture of things, since defendant Villasenor has now been tried and convicted in federal court, any attempt now to proceed in state court would be totally untenable. This is an overriding and dispositive reason to have denied the motion to dismiss the Indictment.

**(3) *Preservation of Judicial Integrity***

 In order to preserve the judicial integrity of the court, the sentencing power must be maintained. A plea bargain that prevents the court from imposing an appropriate sentence impinges on the power of the court. *See United States v. Carrigan,* 778 F.2d 1454, 1463 (citing *Unit-*

*ed States v. Bean,* 564 F.2d 700, at 704 (5th Cir.1977)) ("The plea bargain limits the sentencing power of the district court because its effect is to eliminate any imposition of the penalty of imprisonment for the alleged violations ..."). This court considers that the attempt to withdraw Romero's guilty plea in federal court and then use that bargained for agreement as the basis to dismiss the case against not only him but all remaining defendants amounted to an assault upon judicial integrity.

For the foregoing reasons, the government's Motion to Allow Withdrawal of Guilty Plea and to Dismiss Indictment Without Prejudice is DENIED in all particulars.

IT IS SO ORDERED.

that the actions of the state and federal officials amounted to outrageous governmental conduct and thus the court found no merit to his argument. The court states that the "extraordinary defense" urged by defendant could only be available "in the most egregious circumstances. In order to prevail, the defendant must show that the challenged conduct violated the notion of fundamental fairness and is shocking to the universal sense of justice." *Id.* at 1294.

In *United States v. Pearson,* 203 F.3d 1243 (10th Cir.2000) the court addressed defendant's allegations of improper manipulation of the case assignment process whereby the prosecutor sought to secure assignment of the case to a particular judge. The court assumed without deciding that the defendant suffered a violation of Due Process and then

applied the three-factor test originally adopted for reviewing violations of the recusal statute: (1) "the risk of injustice to the parties in the particular case"; (2) "the risk that the denial of relief will produce injustice in other cases"; (3) "the risk of undermining the public's confidence in the judicial process." *Id.* at 1264 (citing *Harris v. Champion,* 15 F.3d 1538, 1571–72 (10th Cir.1994)). Under the three factors, the court concluded that the assumed error was harmless and did not warrant a new trial. The court noted "even if we assume that the prosecution manipulated the defendants' names on the style of the indictment, as [defendant] suggests, we are not presented with such egregious prosecutorial conduct that reversal of his conviction is necessary in order to protect the public's confidence in the judicial system." *Id.* at 1266.