**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 9 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 03-4266

ARTURO ROMERO,

      Defendant-Appellant.

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:02-CR-530)**

---

**Submitted on the briefs:**

Kenneth R. Brown and Michael T. Holje, of Brown, Bradshaw & Moffat, Salt Lake City, Utah, for Defendant-Appellant.

Paul M. Warner, United States Attorney, and Wayne T. Dance, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **SEYMOUR**, Circuit Judge, **ANDERSON,** Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

**SEYMOUR**, Circuit Judge.

Mr. Arturo Romero appeals the district court's denials of the government's motion to dismiss his indictment and his motion to withdraw his guilty plea. The government confesses error on both issues and agrees the district court abused its discretion. We reverse and remand with instructions.[1]

## I.

Mr. Romero was arrested and immediately "began assisting a Task Force of federal and state agents in the apprehension and prosecution of codefendants Diaz and Villasenor." Gov't Exp. Br. at 3. In exchange for Mr. Romero's cooperation, the government entered into a pre-indictment agreement in which it promised not to prosecute him in federal court. Subsequent to the agreement, a newly appointed Special Assistant United States Attorney (AUSA), "an inexperienced Utah state prosecutor," *id.* at 4, sought and obtained a federal indictment against Mr. Romero based on erroneous information indicating that Mr. Romero had failed to cooperate. Other than the inaccurate information the AUSA received, there has never been any dispute that Mr. Romero cooperated with the government in accordance with his agreement.

At a status conference in February 2003, the AUSA informed the district

---

[1] Mr. Romero's motion for an expedited ruling is hereby granted. Both parties have agreed to waive oral argument.

court of the agreement and concurred with Mr. Romero's counsel that "the best way to move forward would be to dismiss his case without prejudice here." Aple. Supp. App. at 17. However, the AUSA did not move to dismiss the indictment under Federal Rule of Criminal Procedure 48(a), which allows the government to dismiss an indictment with leave of court. The court inquired into the purpose of the agreement and informed the parties that "any covenant with respect to reference to the state court would be denied by this court." *Id.* at 17-18.

In April, the government filed a motion to dismiss the indictment against Mr. Romero "without prejudice, for the reason that the government previously reached an agreement which would allow the Defendant to plead as charged in the 3rd District Court for the State of Utah, Salt Lake Department, based upon his cooperation with law enforcement and the government." *Id.* at 2. Again, the AUSA neglected to cite Rule 48(a). At about the same time, Mr. Romero submitted to the court a "Memorandum Regarding 'Leave of Court' Requirement for Motion to Dismiss under Rule 48(a)," in which he argued the court should grant the government's motion. *Id.* at 8-9. The court heard initial argument regarding the parties' positions at a status and scheduling conference and decided to address the issue the following day before Mr. Romero's scheduled plea change.

The next day, the court indicated that the motion to dismiss implicated its

authority to accept a plea under Rule 11 and was not a Rule 48(a) motion. The court deferred ruling on the motion and proceeded to take Mr. Romero's guilty plea. Mr. Romero entered a conditional guilty plea based on his counsel's assurance that the federal indictment would ultimately be dismissed in accordance with the government's promise not to prosecute him in federal court. Mr. Romero preserved his right to appeal the court's determination of the motion to dismiss and pled guilty to one count of conspiring to possess or distribute ephedrine knowing or having reasonable cause to believe it would be used in the manufacture of methamphetamine, a violation of 21 U.S.C. §§ 841 and 846, and aiding and abetting therein, a violation of 18 U.S.C. § 2. The court accepted Mr. Romero's conditional plea.

In May, the government filed a second motion to dismiss the indictment without prejudice and to allow Mr. Romero to withdraw his guilty plea based on "any fair and just reason" under former Rule 32(e), now Rule 11(d)(2)(B). Mr. Romero orally joined in that motion. The court heard argument and ultimately denied the government's request for leave to dismiss the indictment because the court believed the government and defendant were engaging in improper forum shopping. The court also rejected Mr. Romero's attempt to withdraw his plea, concluding he failed to meet the seven-factor test for establishing a "fair and just reason" to request withdrawal under Rule 11(d)(2)(B) and *United States v.*

*Guthrie*, 64 F.3d 1510, 1513 (10th Cir. 1995).

In June, Mr. Romero's co-defendant Mr. Oscar Diaz filed a motion in support of the government's motion to allow the withdrawal of the plea and dismiss the indictment. The court conducted a hearing in which it heard further argument. Ultimately, the court issued a decision in which it denied the motions. *See United States v. Diaz*, 274 F. Supp. 2d 1225 (D. Utah 2003). The court considered the totality of the circumstances and the seven factors set forth in *Guthrie* and ruled that "neither the defendant nor the prosecution has established a 'fair and just reason' for withdrawal of Romero's plea." *Id.* at 1231. The court denied the government's second motion to dismiss and reaffirmed its denial of the first motion to dismiss because "the motions conflict with the court's authority to accept or reject a plea agreement under Fed. R. Crim. Proc. 11(c)." *Id.* at 1232.

In October, after obtaining new counsel, Mr. Romero filed a motion to compel the government to comply with its agreement not to indict him federally, or alternatively to allow him to withdraw his guilty plea. The court denied the motion and sentenced Mr. Romero to thirty months in prison on the basis of his guilty plea.

## II.

We review a district court's denial of a motion to dismiss an indictment for an abuse of discretion. *United States v. Giles*, 213 F.3d 1247, 1248-49 (10th Cir. 2000). Leave of court is required pursuant to such a motion, but "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citations and internal quotation omitted); *see also United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) ("Under Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'" (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977))).

The Supreme Court has explained that the "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e. g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15. In this case, protection of the defendant from prosecutorial harassment is not an issue. Mr. Romero agreed with the government that he would cooperate in exchange for not being prosecuted in federal court. The reason for the motion to dismiss was not that the government intended to harass Mr. Romero; to the contrary, the government filed the motion to correct its

admitted error in filing the indictment against him.

The district court framed the issue as "really a Rule 11 consideration because we are talking about the rejection of a term of a proposed plea agreement." Aplt. App. at 96, p. 5. The Fifth Circuit's decision in *United States v. Hamm*, 659 F.2d 624 (5th Cir. 1981), is instructive. In that case, the appellate court reversed the denial of the government's Rule 48(a) motion to dismiss. We have previously analyzed *Hamm* and concluded that "[t]he Government was attempting to dismiss all of the charges against all of the defendants, and thus no pleas to any remaining counts remained to implicate the district court's Rule 11 sentencing authority. *Hamm* therefore involved a pure Rule 48(a) dismissal." *Carrigan*, 778 F.2d at 1463 n.9. In the case before us, the government was likewise attempting to dismiss all of the charges against Mr. Romero and the motion was therefore a pure Rule 48(a) dismissal despite the prosecutor's failure to style it as such.

The district court distinguished *Hamm* because the agreement there rewarded the defendants for the usefulness of their information and the risk they took in order to provide it, but it did not seek dismissal of the federal case in favor of a state prosecution. *Diaz*, 274 F. Supp. 2d at 1232. We believe this distinction is too narrow: the heart of the matter in both *Hamm* and this case involved a government motion to dismiss offered in exchange for the defendant's

assistance to authorities.  As the *Hamm* court noted, quoting then-Circuit Judge Burger, "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought."  *Hamm*, 659 F.2d at 628 n.13.

In characterizing the government's motion to dismiss as a Rule 11 motion that did not implicate Rule 48(a), the district court believed that Mr. Romero's purported attempt to "cause dismissal of federal prosecution in favor of state prosecution after, as here, the government has chosen to proceed in federal court" conflicted with the court's authority to accept or reject a plea agreement under Rule 11(c).  *Diaz*, 274 F. Supp. 2d at 1232.  The court relied on *Carrigan*, in which we refused to grant a writ of mandamus directing the district court to accept a plea agreement.  The facts in *Carrigan*, however, are distinguishable from those in this case.  In *Carrigan*, the government's motion to dismiss the charges against Defendant Landry was submitted as part of Defendant Otis' proposed plea agreement, which "expressly provided" that Otis agreed to enter guilty pleas in exchange for the dismissal of the indictment against Landry.  *Carrigan*, 778 F.2d at 1461.  There was no separate Rule 48(a) motion, and Otis' proposed plea agreement was signed by Landry and his attorney.  *Id.*  In that peculiar circumstance, we held that the motion to dismiss and the plea agreement

were "inextricably linked," so the motion to dismiss could not be characterized as a separate and unilateral dismissal by the prosecutor. *Id.* Consequently, the district court's discretion in rejecting the plea agreement was governed by Rule 11 and not Rule 48(a). *Id.* at 1464.

Here, however, the government's motion was not intertwined with another defendant's plea agreement and could not have been considered a term of that agreement. Despite the inexperienced AUSA's repeated failure to style it as such, the motion was an unconditional Rule 48(a) motion whereby the government sought to dismiss the single charge against Mr. Romero that had been mistakenly filed in direct contravention of the government's prior agreement with him. Filing such a motion is a legitimate choice that should be left to the discretion of the government. *See id.* at 1466 ("[t]he Government . . . could move to dismiss all the charges against the parties to the agreement in an unconditional Rule 48(a) motion").

For the foregoing reasons, we conclude the government's motion to dismiss was governed by Rule 48(a) and not Rule 11. Analyzing the matter under Rule 48(a), we are persuaded the district court abused its discretion in denying the motion because dismissal was not clearly contrary to manifest public interest. Instead, requiring the government to uphold the agreements into which it enters is a matter of great public interest, particularly where the government admits error

and attempts to rectify it by filing a motion to dismiss. We therefore remand with instructions to dismiss the indictment.

Even were we to view this as a guilty-plea matter, we would still be persuaded the district court erred. The seven factors we consider when determining whether a defendant has established a fair and just reason for the withdrawal of a guilty plea pursuant to Rule 11(d)(2)(B) are as follows: (1) assertion of innocence, (2) prejudice to the government, (3) whether the defendant delayed filing the motion to withdraw the plea, (4) inconvenience to the court, (5) the quality of counsel during the plea, (6) whether the plea was knowing and voluntary, and (7) waste of judicial resources. *See United States v. Guthrie*, 64 F.3d at 1513. The district court found these factors weighed in favor of denying the motion. We disagree.

Although Mr. Romero did not assert his innocence, there can be no doubt that the government would not have been prejudiced by the granting of the motion. In addition to filing the motion, the government admitted its mistake and sought to correct it.

The crucial issue here, recognized by both parties, is the primacy of the government living up to its word in the agreements it makes. Public confidence in the judicial system would be severely undermined if defendants were to make agreements with the government which the courts declined to enforce. As we

have noted, "[b]ecause a government that lives up to its commitments is the essence of liberty under law, the harm generated by allowing the government to forego its plea bargain obligations is one which cannot be tolerated." *United States v. Brye*, 146 F.3d 1207, 1210 (10th Cir. 1998) (quoting *United States v. Peglera*, 33 F.3d 412, 414 (4th Cir. 1994)). The harm caused by the government reneging on a pre-indictment agreement is no less severe.

Mr. Romero did not seek delay. To the contrary, he sought to avoid entering the plea in the first instance and has sought to withdraw it ever since. Unfortunately, rather than directly continuing to seek a remedy for the government's breach of its agreement, Mr. Romero's prior counsel instructed him to plead guilty conditionally without receiving assurance from the court that it would allow the government to dismiss the indictment, no doubt because counsel believed Mr. Romero would have been required to proceed to trial had he not pled guilty. *See* Aple. Supp. App. at 120.

Finally, we are not persuaded Mr. Romero wasted judicial resources. Had the court analyzed the matter differently and required the government to fulfill its promise not to indict Mr. Romero in federal court after its admitted mistake, few resources would have been utilized on this case. On balance, then, the seven *Guthrie* factors militate in favor of Mr. Romero.

In sum, in the unusual circumstances of this case, the district court should

have permitted Mr. Romero to withdraw his plea and granted the government's Rule 48(a) motion to dismiss the indictment. Accordingly, we **REVERSE** and **REMAND**. The district court is instructed to vacate its judgment, dismiss the federal indictment against Mr. Romero, and order Mr. Romero to be released from incarceration at the federal prison camp at Nellis Air Force Base in Las Vegas, Nevada.