**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

vs.

OMAR CEBALLOS VILLASENOR,

Defendant - Appellant.

No. 04-4001
(D.C. No. 02-CR-530-JTG)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Omar Ceballos Villasenor appeals from his conviction

for conspiracy to possess a precursor chemical with intent to distribute and

manufacture a controlled substance, and aiding and abetting, 21 U.S.C.

§§ 841(c)(2) and 846 and 18 U.S.C. § 2. He was sentenced to 78 months

imprisonment, three years supervised release, and fined $500. On appeal, Mr.

Villasenor contends that the district court abused its discretion in denying the

government's pretrial motion to dismiss his indictment. Our jurisdiction arises

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under 28 U.S.C. § 1291, and we affirm.

Background

On September 4, 2002, Mr. Villasenor was indicted, along with co-defendants Arturo Romero and Oscar Diaz, on federal charges. Mr. Villasenor and Mr. Diaz initially had been charged in state court. United States v. Diaz, 274 F. Supp. 2d 1225, 1227 (D. Utah 2003), rev'd in part sub nom. United States v. Romero, 360 F.3d 1248 (10th Cir. 2004). However, the state charges were dismissed in favor of the federal prosecution. Following a mistrial in the federal case, Mr. Villasenor was tried a second time and convicted.

Prior to Mr. Villasenor's first trial, the government moved to dismiss the indictment against co-defendant Romero, having learned that agents had promised not to federally prosecute Mr. Romero in exchange for his cooperation. The court reserved its ruling on the motion to dismiss, and Mr. Romero subsequently entered a conditional plea of guilty.

On May 29, 2003, the government filed a motion to permit Mr. Romero to withdraw his guilty plea and to dismiss the case without prejudice. I R. Doc. 81. In so doing, the government moved to dismiss the indictments against all three co-defendants to permit their prosecution in state court. Id. at 2. The government consulted with Mr. Villasenor's attorney and surmised that the federal court

would look more favorably on a motion to dismiss the charges against all the defendants. II R. at 11. The district court then held a hearing, denying the motion but permitting further briefing. On July 15, 2003, Mr. Villasenor was convicted in his second trial.

On July 22, 2003, the district court held a final hearing on the motions and reaffirmed its prior rulings. Diaz, 274 F. Supp. 2d at 1228. The district court analyzed Mr. Romero's case under Fed. R. Crim. P. 11 and decided that the government's motions conflicted with the court's authority to accept or reject plea agreements. Id. at 1232. As to Mr. Romero's co-defendants (including Mr. Villasenor), the district court relied upon Fed. R. Crim. P. 48(a). Id. at 1232-34.

We subsequently reversed Mr. Romero's conviction. Romero, 360 F.3d at 1254. We held that the district court erred in considering Mr. Romero's motions under Rule 11, and instead should have analyzed them under Rule 48. Id. at 1253. We did not have occasion to address the district court's denial of the motion to dismiss the indictment as to Mr. Romero's co-defendants. We have that occasion now as to Mr. Villasenor.

## Discussion

We review a district court's denial of a motion to dismiss under Rule 48(a) for abuse of discretion. Romero, 360 F.3d at 1251. Although Rule 48(a) requires

leave of court, we have previously noted the permissive nature of this standard. Such leave should be granted absent a showing that "dismissal is clearly contrary to manifest public interest." United States v. Carrigan, 778 F.2d 1454, 1463 (10th Cir. 1985) (internal quotations and citation omitted). A district court confronted with a motion to dismiss may "consider the public interest in the fair administration of criminal justice and the need to preserve the integrity of the courts." Id.

At the outset, we reject Mr. Villasenor's contention that our decision in Romero constitutes stare decisis and is dispositive. Aplt. Br. at 8. The outcome in Romero cannot be divorced from the facts of Mr. Romero's case. Specifically, the government had entered into an agreement with Mr. Romero, errantly indicted him, and then sought to remedy its own error. Romero, 360 F.3d at 1250-51. Although the motion to dismiss was inartfully presented, the district court erred in analyzing it under Rule 11. Id. at 1252. Analyzed under Rule 48(a), we held that the district court abused its discretion because dismissal was not clearly contrary to the public interest. Id. at 1253. We specifically noted that "requiring the government to uphold the agreements into which it enters is a matter of great public interest, particularly where the government admits error and attempts to rectify it by filing a motion to dismiss." Id.

Romero's factual predicate is not present here. The district court analyzed

the motion to dismiss as to Mr. Villasenor under Rule 48(a). <u>Diaz</u>, 274 F. Supp. 2d at 1232-34. After considering the facts, we cannot say that the district court abused its discretion. After arranging for the state charges to be dropped and federal charges pursued by way of an indictment, the prosecutor's effort to drop the federal charges (to leverage his motion with respect to dropping the charges against a co-defendant) seems excessive. The public has a legitimate interest in protecting the integrity of the judicial process and ensuring the prompt and fair administration of justice. <u>Carrigan</u>, 778 F.2d at 1463. On these facts, the district court did not abuse its discretion in finding that the motion to dismiss was "clearly contrary to manifest public interest."[1]

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]Mr. Villasenor argues that the government is precluded from asserting that the motion to dismiss was contrary to public interest by the invited error doctrine. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error." <u>United States v. Edward J.</u>, 224 F.3d 1216, 1222 (10th Cir. 2002) (internal quotations and citation omitted). The doctrine is inapplicable where, as here, the party against whom the doctrine is invoked failed to secure action in the first instance. In other words, had the government argued *successfully* for dismissal, it would then be precluded from arguing that the dismissal was in error.