UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward Lee BEAN, Defendant-Appellant.

No. 77–5110.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1977.

Lucien B. Campbell, Federal Public Defender, Edward C. Prado, Asst. Public Defender, San Antonio, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., James E. Bock, Trial Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

On this appeal, defendant Bean raises two contentions: (1) that the district court abused its discretion in refusing to accept a plea bargain entered into by the prosecutor, the defendant and his attorney; (2) that the second count of the indictment should have been dismissed by the district court because as originally written the indictment failed to adequately inform Bean of the offense charged against him.

Bean was charged on October 22, 1976 with theft of property whose value exceeded $100 in violation of 18 U.S.C. § 661 and with burglary of a habitation in violation of V.T.C.A., Penal Code § 30.02 assimilated under 18 U.S.C. § 13, and subsequently was indicted for both offenses. At the initial arraignment, the defendant, Bean, pleaded not guilty to both counts.

On November 30 a rearraignment was held at the defendant's request. At this time the court was informed that a plea bargain had been reached between the government prosecutor, the defendant and his counsel. Bean would plead guilty to the theft count and cooperate with the prosecutor in investigating others involved in the burglary. In return the prosecutor would move for a dismissal of the second count—the burglary count. Judge Spears indicated that he was reluctant to accept the plea because the offense of entering a home at night where people were sleeping was a much more serious offense than the theft of an automobile. The theft count carried a maximum sentence of five years whereas the burglary count carried a sentence of between five and ninety-nine years. Bean was allowed to plead guilty to the first count with the understanding that if the plea bargain was ultimately rejected by the court he would be permitted to withdraw his plea. After further consideration Judge Spears notified the parties that he would not accept the plea bargain. On December 12, 1976 Bean was permitted to withdraw his guilty plea.

Defendant's attorney then filed a motion objecting to the denial of the plea bargain. The district court denied the motion, stating that the bargain was "contrary to the manifest public interest." A second motion requested the court to dismiss the second count because the language "felony or theft" failed to adequately inform the defendant of the offense with which he was charged. This motion was also denied with the court instead striking the words "a felony or" from the indictment.

Bean was tried by a jury and convicted on both counts. The trial judge sentenced Bean to serve five years on Count 1 and ten years on Count 2 with the sentences to run concurrently. The court also recommended that Bean receive the benefit of a Drug Abuse Program.

An analysis of the propriety of refusing a plea bargain begins with Rule 11 of the Federal Rules of Criminal Procedure. As enacted in 1966, this Rule attempted to codify existing practices concerning the entry of a plea at arraignment.[1] As plea bargaining became more common in re-

---

1. Prior to the 1974 amendments, Rule 11 of the Federal Rules of Criminal Procedure provided as follows:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo con-* *tendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily

sponse to the growing caseloads of the courts, the 1974 amendments to the Rule gave explicit recognition to the practice. Rule 11(e) provides a mechanism for sanctioning discussions between the defendant and the prosecutor and for presenting the agreement in open court for approval by the judge.[2]

While Rule 11(e) provided guidelines for plea bargaining procedure,[3] the

> with the understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

2. Rule 11(e) currently provides in pertinent part as follows:

> **(e) Plea Agreement Procedure.**
> **(1) In General.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
> (A) move for dismissal of other charges; or
> (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
> (C) agree that a specific sentence is the appropriate disposition of the case.
> The court shall not participate in any such discussions.
> **(2) Notice of Such Agreement.** If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.
> **(3) Acceptance of a Plea Agreement.** If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
> **(4) Rejection of a Plea Agreement.** If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in

Rule does not contravene a judge's discretion to reject such a plea. The Rule itself states that "the court may accept or reject the agreement . . . ." Fed.R.Crim.P. 11(e)(2). Indeed, the judge must refuse the plea in the absence of a factual basis for the plea. *See* Fed.R.Crim.P. 11(f). The drafters of the Rule intended for the judge to retain discretion in accepting plea bargains. The Notes of the Committee on the Judici-

> camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.
> **(5) Time of Plea Agreement Procedure.** Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.
>
> .      .      .      .
>
> To ensure the voluntariness of pleas, this court has also set down guidelines for the entry of pleas of guilty or nolo contendere. *See Bryan v. United States*, 5 Cir., 1974, 492 F.2d 775 (*en banc*), *cert. denied*, 419 U.S. 1029, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

3. Rule 11 provides a detailed list of procedures that must be followed. The court must advise the defendant concerning the nature of the charge, the range of possible punishments, the right to an attorney and the effect of a guilty plea. *See* Fed.R.Crim.P. 11(c). The court must also determine that the plea is voluntary and has a factual basis. *See* Fed.R.Crim.P. 11(d), (f). In the event that the court rejects the plea, the defendant must be afforded the opportunity to withdraw his plea and be informed that if he persists in the plea, the outcome may be less favorable than originally contemplated by the plea agreement. *See* Fed.R.Crim.P. 11(e)(4). Given these specific procedural requirements for entering guilty pleas, we find that the absence of any requirement that the court state its reasons for refusing a plea bargain indicates that no statement of reasons is necessary. Even if a requirement that the judge explain his decision was found in Rule 11, the record in this case shows that Judge Spears adequately informed the parties of the reasons for his decision. At the November 30 arraignment, he noted the disproportion between the offense charged and the plea bargain. Further, when denying Bean's motion to enforce the plea agreement, he stated that the bargain was against the public interest.

ary, House Report No. 94–247, state: "The procedure is not mandatory; a court is free not to permit the parties to present plea agreements to it." 18 U.S.C.A., Federal Rules of Criminal Procedure; Rules 10 to 17.1, at 17. The Notes of the Advisory Committee on Rules also indicate that the acceptance of a plea was a decision for the district judge.

> The plea agreement procedure does not attempt to define criteria for the acceptance or rejection of a plea agreement. Such a decision is left to the discretion of the individual judge.

*Id.* at 26. Those cases that have previously considered courts' refusals to accept plea bargains have found that the judge has discretion in accepting pleas. *See, e. g., United States v. Ellis,* 5 Cir., 1977, 547 F.2d 863; *United States v. Bisco,* 1 Cir., 1975, 518 F.2d 95; *United States v. Navedo,* 2 Cir., 1974, 516 F.2d 293. *See also* Hoffman, Pleas of Guilty in the Federal Courts, 22 Prac.Law. 11 (Sept. 1976).

While appellate courts have reviewed the refusals of plea bargains, little attention has been given to the formulation of a standard for the district court's exercise of discretion.[4] The cases that have occurred often involve the specific requirements found in the Rule itself. Most cases have been concerned with the acceptance of pleas where a doubt exists about the defendant's actual guilt. *See, e. g., United States v. Bisco,* 1 Cir., 1975, 518 F.2d 95; *United States v. Navedo,* 2 Cir., 1974, 516 F.2d 293. A particularly difficult line of cases are those where the defendant wishes to plead guilty while maintaining his innocence. *See, e. g., North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Other cases have concerned the ability of a court to refuse a plea bargain because the plea was not entered in accordance with the time deadlines established by the court. *See, e. g., United States v. Ellis,* 5 Cir., 1977, 547 F.2d 863.

▪ In considering plea bargains, courts may be governed by the same broad standards that apply in sentencing. The trial court's control over the length of sentence is analogous to that in plea bargains since in plea bargaining the defendant is ultimately concerned with the duration of imprisonment. Even when the agreement relates to the dismissal of some of the charges, the primary effect is to limit the punishment which the court may impose. *See* Alschuler, The Trial Judge's Role in Plea Bargaining, Part I, 76 Colum.L.Rev. 1059, 1074 (1976). Consistently, this circuit, as well as other circuits, has permitted the decision of the trial court as to sentencing to prevail except in extreme circumstances.

A sentencing court exercises broad discretion which is not subject to appellate review "except when arbitrary or capricious action amounting to a gross abuse of discretion is involved." *United States v. Weiner,* 5 Cir., 1969, 418 F.2d 849. *United States v. Gamboa,* 5 Cir., 1976, 543 F.2d 545, 546. *See also United States v. Bernstein,* 5 Cir., 1977, 546 F.2d 109, 110

---

**4.** Prior to the 1974 amendments to Rule 11, the District of Columbia Circuit did attempt to define some standards for a court's discretion over plea bargains. *United States v. Ammidown,* 1973, 162 U.S.App.D.C. 28, 497 F.2d 615, found an abuse of discretion in the trial court's rejection of a plea bargain. In that case the defendant was charged with having arranged to have his wife raped and murdered. The prosecutor agreed to allow Ammidown to plead guilty to second degree murder, thereby escaping the risk of the death sentence, in return for testimony against a younger man who carried out the murder and was suspected of other killings. The trial court rejected the bargain because of the particular viciousness of the crime.

Since this case was decided before Rule 11 was amended specifically to cover plea bargains, this decision may not represent the standards for accepting plea bargains under the new rule. In any event, we find unacceptable the District of Columbia standard that a court must accept the plea unless the bargain is "such a departure from sound prosecutorial principle as to mark it an abuse of prosecutorial discretion." *Id.* at 35, 497 F.2d at 622. Although a prosecutor may have wide discretion in initiating prosecutions, once the aid of the court has been invoked the court cannot be expected to accept without question the prosecutor's view of the public good. To our knowledge no other circuit has followed the District of Columbia in so drastically limiting the discretion of a judge in regard to plea bargains.

(district judge's sentence upheld in the absence of "gross or outrageous abuse of sentencing"). Such abuse of discretion has usually been found when the sentencing decision jeopardizes a constitutional right, such as the right to an appeal or to a jury trial, or contains an error of statutory procedure. *See* U.Cin.L.Rev. 195, 197–98 (1972).

As Rule 11 provides for plea bargains including the dismissal of charges as well as recommendations of length of sentences, another possible analogy is found in Federal Rule of Criminal Procedure 48(a), which pertains to the dismissal of indictments by the Attorney General or the United States Attorney. Traditionally, prosecutors were able to dismiss indictments at any time. *See United States v. Cowan,* 5 Cir., 1975, 524 F.2d 504, 505. While Rule 48(a) requires leave of court to grant a dismissal, appellate review of these refusals has been more stringent than review of sentencing. *See, e. g., In re Washington,* 5 Cir., 1976, 544 F.2d 203 (*en banc*) *rev'd on other grounds sub nom. Rinaldi v. United States,* —— U.S ——, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *United States v. Cowan, supra.* However, since the counts dismissed pursuant to plea bargains often carry heavier penalties than the counts for which a guilty plea is entered, a plea bargain to dismiss charges is an indirect effort to limit the sentencing power of the judge. *See* Alschuler, *supra* at 1074, 1136–37. Because the judge's discretion over the duration of imprisonment is being limited, the standard for review of refusal of plea bargains should be closer to the standards for review of sentencing than for review of a dismissal which does not involve a plea bargain under Rule 48(a).

■ Without deciding what unusual circumstances may result in the refusal of a plea bargain being an abuse of discretion, we find that Judge Spears' action in this case was well within the scope of his discretion. A decision that a plea bargain will result in the defendant's receiving too light a sentence under the circumstances of the case is a sound reason for a judge's refusing

to accept the agreement. The amendment to Rule 11 does not compel a judge to impose an inappropriate sentence. *See* Hoffman, *supra* at 17. Rule 11(e)(2) explicitly states that the court "may defer its decision as to the acceptance or rejection [of the plea bargain] until there has been an opportunity to consider the presentence report." If the court did not have discretion to refuse a plea bargain because the agreement is against the public interest in giving the defendant unduly favorable terms, this provision would be largely unnecessary. Further, as we have said, the length of sentence has almost always been a matter within the discretion of the district court.

In this case, Judge Spears was faced with a man who was charged with burglarizing at night a home on Fort Sam Houston in Texas, while Lieutenant Colonel Robert W. Oppenlander, his wife, two daughters and one son were asleep inside. In addition, the presentence report indicated that Bean had previously been committed to four years in the Texas Department of Corrections for state charges of burglary and theft of a business at nighttime. Bean had also served twenty days for unlawfully carrying a weapon in San Antonio. Given this information Judge Spears was reluctant to accept a plea bargain that would allow Bean to plead guilty to only the theft of an automobile.

Thus the district judge found that the plea bargain did not provide for imposition of a sentence commensurate with the offense and the dangerous character of the offender. Although the plea bargain was cast in the form of a dismissal of the burglary count, the effect was to limit Bean's maximum sentence to five years instead of the possible maximum of ninety-nine years or life for burglary. Hence, the district judge properly exercised reasonable discretion in rejecting the plea bargain in order to impose an appropriate sentence for the defendant.

■ There is likewise no merit to the contention that the plea bargain should be enforced because Bean had already carried out that part of the bargain which required

him to cooperate with authorities in investigating others involved in the burglaries. Bean was aware, however, that the plea bargain was conditioned on acceptance by the court. By giving a detailed statement regarding the participation of others in the burglary, Bean cannot impose the bargain on the court without its consent. Moreover, Bean was in no way prejudiced by his cooperation since none of the information provided by him was used against him during the trial.

We next consider Bean's contention that the second count of the indictment must be dismissed because it inadequately informed him of the charge against him.[5] Tracking the statutory language, the indictment charged Bean with entering a habitation "with intent to commit a felony or theft."[6] Bean argues that by using the disjunctive "or" instead of the conjunctive "and" the grand jury failed adequately to inform him of the charge since it may have meant to charge him with entering the home to commit arson, rape, kidnapping or some other felony.

▆▆ The general rule is that if the indictment alleges "several acts in the disjunctive it fails to inform the defendant which of the acts he is charged with having committed, and it is insufficient." 1

Wright, Federal Practice and Procedures: Criminal § 125 at 240. However, when the language of the indictment was called to the attention of the court prior to trial, the words "a felony or" were ordered deleted from the indictment. This was not an impermissible amendment of the grand jury's indictment since it only withdrew "a portion of [the indictment] from the jury's consideration . . . [while still charging] an offense and the same offense as originally contemplated." *United States v. Prior*, 5 Cir., 1977, 546 F.2d 1254. Thus, Bean was adequately informed of the specific offense of which he was accused.

Having considered all of the defendant's contentions and finding them without merit, the judgment of conviction is

AFFIRMED.[7]

---

**5.** Before the deletion of "a felony or" in Count 2 the grand jury indictment read as follows:

COUNT ONE

That on or about October 8, 1976, at Fort Sam Houston, Texas, within the special maritime and territorial jurisdiction of the United States and in the Western District of Texas, defendant, EDWARD LEE BEAN, did knowingly, willfully and with intent to steal and purloin, take and carry away personal property belonging to and in the care, custody and control of Colonel Robert W. Oppenlander, said property having a value in excess of $100, in violation of 18 U.S.C. 661.

COUNT TWO

That on or about October 8, 1976, at Fort Sam Houston, Texas, within the special maritime and territorial jurisdiction of the United States and within the Western District of Texas, defendant, EDWARD LEE BEAN, did knowingly, willfully and intentionally and without the effective consent of the owner enter a habitation, to-wit; a house located at

629 Infantry Post Road, Fort Sam Houston, Texas, said house not being open to the public, with intent to commit a felony or theft, in violation of 18 U.S.C. 13 and § 30.02 Vernon's Texas Penal Code.

**6.** The relevant part of V.T.C.A., Penal Code § 30.02 states:

A person commits an offense if, without the effective consent of the owner, he . . . enters a habitation . . . with intent to commit a felony or theft . . . .

**7.** This is not a case where the Government protested against the district court action. If the Government refuses to proceed with prosecution on some or all of the counts, the allocation of power between the branches of government is brought directly into question. In such a case separation of powers may require greater limits on the trial court's discretion. *See United States v. Cowan*, 5 Cir., 1975, 524 F.2d 504, 509–15.