[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15973
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00029-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WAYNE EVANS,
a.k.a. Smiley,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(November 13, 2012)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Wayne Evans appeals his convictions after a jury found him guilty of

conspiracy to commit theft from a federal firearms licensee, in violation of 18

U.S.C. § 371; theft of firearms, in violation of 18 U.S.C. § 922(l); theft from a federal firearms licensee, in violation of 18 U.S.C. § 922(u); receipt of stolen firearms, in violation of 18 U.S.C. § 922(j); possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1); and transportation of stolen firearms, in violation of 18 U.S.C. § 922(I).  On appeal, Evens argues that the district court: (1) violated his constitutional right to counsel when it denied his dual requests for substitute counsel and his attorney's motion to withdraw; (2) violated Evans's constitutional right to present a full defense when it denied his motion for a continuance of trial; and (3) violated Evans's constitutional rights to due process, compulsory process, and a fair trial when it refused to conduct a plea colloquy and accept his guilty plea.  For the following reasons, we affirm Evans's conviction.

I.

Evans contends that the district court abused its discretion and violated his constitutional right to counsel[1] when it denied his pre-trial motions for substitute

_____

[1]Evans also contends that the district court's ruling violated his constitutional right to "choice of counsel."  Although an indigent criminal defendant has an absolute right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause. *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985); *see also Morris v. Slappy*, 461 U.S. 1, 11–15, 103 S. Ct. 1610, 1617 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-client relationship").  "Good cause . . . means a fundamental problem, 'such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently

2

counsel and his attorney's pre-trial motion to withdraw.  Evans claims that he was prejudiced by the district court's ruling because it forced him to choose between a broken relationship with distrusted counsel and the more difficult task of self-representation.

We typically review the denial of a motion for substitute counsel and the denial of a motion to withdraw for abuse of discretion.  *See United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004).  However, "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates," *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (per curiam) (quotation marks omitted), and instead Federal Rule of Criminal Procedure 59 governs.  Rule 59 requires that a defendant file objections to a magistrate judge's order within fourteen days of being served a copy of that order; "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a).

Here, the magistrate judge entered the order denying Evans's requests for

---

unjust verdict.'" *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc) (quoting *Young*, 482 F.2d at 995).  Although the record reflects that Evans and his attorney had a difficult relationship, there was not a "complete breakdown in communication" sufficient to reach the "good cause" threshold, and we therefore review only his constitutional right to counsel claim.

3

substitute counsel on April 1, 2011 and July 5, 2011,[2] and denying defense counsel's motion to withdraw on July 5, 2011.  The record does not indicate that Evans ever appealed the magistrate judge's ruling to the district court within the mandated fourteen-day window.  We are therefore without jurisdiction to decide this issue, as it is an appeal directly from a magistrate judge's order, and we dismiss this portion of Evans's appeal.  *See Schultz*, 565 F.3d at 1362.

## II.

Evans next argues that the district court abused its discretion in denying his motion for a continuance of trial, where defense counsel had not subpoenaed trial witnesses because she anticipated Evans would plead guilty.  Evans contends that the district court's error denied his counsel an adequate opportunity to prepare for trial and to call witnesses necessary for the presentation of his defense, which in turn violated his rights to due process, compulsory process, and a fair trial.

We review the denial of a motion for continuance for abuse of discretion.  *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008) (per curiam).  To demonstrate that a district court abused its discretion, a defendant "must show that the denial . . . resulted in specific substantial prejudice."  *United States v.*

[2]Evans's second request for substitute counsel was not an official motion, but rather a signed written statement dated June 29, 2011, which was incorporated by reference into his attorney's motion to withdraw.

*Verderame*, 51 F.3d 249, 251 (11th Cir. 1995).  "To make such a showing, [the defendant] must identify relevant, non-cumulative evidence that would have been presented if his request for a continuance had been granted."  *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993).  "In the absence of any proffer of additional evidence that would have been presented" had the continuance been granted, there is no specific or substantial prejudice arising from the denial of the motion for continuance.  *Id.*

In certain limited circumstances, the denial of a request for a continuance may rise to the level of violating a defendant's right to due process.  *See Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 849 (1964); *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005).  However, such violations must be determined on a case-by-case basis, based on the totality of the circumstances, with particular consideration given to "the reasons presented to the trial judge at the time the request is denied."  *Ungar*, 376 U.S. at 589.  Although "a mypoic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality," not every denial of a request for a continuance violates due process, "even if the party fails to offer evidence or is compelled to defend without counsel."  *Id.*

In particular, when a movant claims that a continuance is necessary in order

5

to secure the presence of potential witnesses, the movant "must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable testimony would be tendered by the witness, that the witnesses is available and willing to testify, and that the denial of a continuance would materially prejudice" the movant. *United States v. Uptain*, 531 F.2d 1281, 1287 (5th Cir. 1976)[3]; *see also United States v. Darby*, 744 F.2d 1508, 1521 n.6 (11th Cir. 1984) (applying *Uptain* to determine whether a district court violated a defendant's due process rights in denying a continuance). When assessing claims of inadequate preparation, relevant factors include: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial; (3) the accused's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the adequacy of the defense actually provided at trial; (7) the skill and experience of the attorney; (8) any pre-appointment or pre-retention experience of the attorney with the accused; and (9) any representation of the defendant by other attorneys that accrued to his benefit. *Uptain*, 531 F.2d at 1286–87; *Darby*, 744 F.2d at 1522.

---

[3]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

6

Here, Evans has not established that the district court's denial of his request for a continuance rises to the level of a due process violation. Moreover, he has not proffered any relevant, non-cumulative evidence that he would have presented, had the continuance been granted, rising to the level of specific substantial prejudice. During the July 11, 2011 hearing before the district court—at which Evans reneged on the plea agreement that he signed on July 8, 2011—Evans only cited two reasons for his continuance request: (1) defense counsel's receipt of new discovery from the prosecution during the preceding few days; and (2) his need to subpoena witnesses in light of his decision earlier that morning, during the same hearing, not to enter into the plea agreement.

During the district court's colloquy, however, it became clear that the "new" discovery was merely an audio recording of an interview and its accompanying transcript, the substance of which had been recounted in a report already provided to Evans earlier in discovery. Further, Evans himself was the cause of defense counsel's failure to subpoena witnesses, given his eleventh-hour decision not to enter into the plea agreement he had signed just three days earlier. Evans also failed to specify what witnesses he would call or what relevant, "substantial favorable testimony would be tendered." *See Uptain*, 531 F.2d at 1287.

Moreover, during the colloquy, the district court explicitly considered the

7

fact that the case was "in its seventh month" already; that there had been previous delays for a magistrate judge to address Evans's issues with his counsel and equivocations between proceeding *pro se* and being represented by appointed counsel; and that the district court had "gone to some effort," because of the summer schedule, to secure a jury to appear early the next morning in order to begin trial. The district court also discussed the lack of complexity of the case, as well as defense counsel's competent representation of Evans to date.

Based on the record, it is clear that the district court gave particular consideration to defense counsel's specified reasons for requesting a continuance. *See Ungar*, 376 U.S. at 589. The district court's consideration of the amount of time available for preparation, the likelihood of prejudice from denial, Evans's role in shortening the effective preparation time, the degree of complexity of the case, the alleged "new" discovery from the prosecution, and the skill and experience of defense counsel clearly illustrate that it did not abuse its discretion in denying Evans's request for a continuance.

### III.

Finally, Evans argues that the district court abused its discretion when it refused to conduct a Rule 11 plea colloquy after denying his motion for a continuance, thereby violating his "statutory right to plead guilty." Evans

8

contends that the district court should have at least attempted a Rule 11 plea colloquy before it decided whether his guilty plea was knowing and voluntary, particularly because he had already signed a written plea agreement.

This Court ordinarily reviews a district court's decision to reject a guilty plea for abuse of discretion. *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987) (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 498 (1971)). However, where a defendant fails to object below to the district court's rejection of the guilty plea, this Court reviews for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005) (per curiam).

Under plain error review, the defendant must show: (1) there was an error in the district court's determination; (2) the error was plain or obvious; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001) (per curiam). To show that an error affected substantial rights, the defendant must show that the error "affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quotation marks omitted). However, "[w]hen neither the [United States] Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."

9

*Moriarty*, 429 F.3d at 1019 (citing *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (per curiam)).

Pursuant to Rule 11, "[a] defendant may plead not guilty, guilty, or (with the court's consent) nolo contendre." Fed. R. Crim. P. 11(a)(1). Before accepting a guilty plea, "the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). The defendant, however, has "no absolute right to have a guilty plea accepted," and "[a] court may reject a plea in exercise of sound judicial discretion." *Santobello*, 404 U.S. at 262.

Because Evans did not object below to the district court's refusal to accept his guilty plea, or its failure to conduct a Rule 11 plea colloquy, we review the district court's decision for plain error.[4] *See Moriarty*, 429 F.3d at 1018–19. In

---

[4]This Court has not yet addressed whether the abuse of discretion standard of review would apply for a district court's failure to conduct a Rule 11 plea colloquy in the face of the defendant's objection below to preserve the issue for appellate review. However, because Evans failed to object to the district court's ruling, this Court need only review the decision for plain error. Nevertheless, we do note the following:

> To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding . . . . Both of these goals are undermined in proportion to the degree the district judge resorts to "assumptions" not based upon recorded responses to his inquiries.

*McCarthy v. United States*, 394 U.S. 459, 467, 89 S. Ct. 1166, 1171 (1969) (citing an earlier

this case, the district court's determination was not plain or obvious error.

Contrary to Evans's claims, neither the United States Supreme Court nor this

Court has ever established the existence of a "statutory right to attempt to plead

guilty." While Rule 11 covers the "core principles" that the district court must

address during a plea colloquy in order to satisfy due process and ensure that the

defendant is aware of the waiver of constitutional rights attendant to a guilty plea,

*Moriaty*, 429 F.3d at 1019, the rule does not address or explain the procedures that

a district court must follow when it *considers* whether to allow a defendant to

enter a guilty plea.

Moreover, we have consistently conferred broad discretion upon district

courts to reject guilty pleas. *See United States v. Bean*, 564 F.2d 700, 702 (5th

Cir. 1977) (stating that while a former version of Rule 11 "provide[s] guidelines

for [the] plea bargaining procedure, the Rule does not contravene a judge's

discretion to reject such a plea" (footnote omitted)). We have also held that "the

prerogative of prosecutors and defendants to negotiate guilty pleas is 'outweighed

by judicial discretion to control the scheduling of trial procedures in ongoing

prosecutions, plus the broad interests of docket control and effective utilization of

jurors and witnesses.'" *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir.

---

version of Rule 11).

11

1999) (quoting *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)).

Here, the district court rejected Evans's guilty plea based upon the plea's questionable voluntariness, particularly because Evans had already changed his mind about pleading guilty multiple times during that same hearing. The district court highlighted its apprehension that "if [Evans] were to [change his plea], he would later say that he was compelled," and that it "wouldn't have much confidence in [Evans] that he genuinely wants to change his plea."

The district court also cited the interests of judicial expediency, emphasizing its repeated attempts "to accommodate" Evans and postpone the district court proceedings while Evans was "in and out of the magistrate judge's court" addressing his issues with his attorney and equivocating between proceeding *pro se* or with appointed counsel. These concerns, coupled with the district court's acknowledgment that it had "gone to some effort" to secure a jury to begin trial, are legitimate considerations and indicate a valid exercise of "judicial discretion to control the scheduling of trial procedures in ongoing prosecutions," as well as "the broad interests of docket control and effective utilization of jurors." *See Gamboa*, 166 F.3d at 1331. In sum, the district court's failure to conduct a Rule 11 colloquy before rejecting Evans's guilty plea did not rise to the level of plain error.

12

**DISMISSED IN PART; AFFIRMED IN PART.**