[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12921

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEANDREA DARNELLE YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:22-cr-00215-LSC-JHE-1

_____

_____

No. 23-14088

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEANDREA DARNELLE YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:22-cr-00215-LSC-JHE-1

_____

Before JILL PRYOR, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Deandrea Young appeals his conviction for possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). Young was charged with the § 922(g)(1) offense after

he drove away from a traffic stop, and the police officer who pursued Young found a box of 9mm ammunition in the trunk of Young's abandoned car, along with over forty debit and credit cards bearing different names. At the time of his offense, Young was previously convicted of being a felon in possession of a firearm, several drug crimes, and burglary.

Young negotiated a plea agreement with the government, which contained a binding sentencing agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that stipulated to a 27-month prison sentence. At a plea hearing, the district court rejected the binding plea deal because a 27-month sentence ignored the seriousness of Young's conduct.

Young proceeded to trial, was convicted as charged, and received a 63-month prison sentence.

On appeal, Young argues the district court abused its discretion by: (1) rejecting his binding plea agreement; and (2) by denying his motions for a judgment of acquittal based on insufficient evidence that Young possessed the ammunition found in the car. After review, we find no abuse of discretion and affirm Young's conviction and sentence.

## I.  REJECTION OF BINDING PLEA AGREEMENT

For the first time on appeal, Young argues the district court abused its discretion when it refused to accept his Rule 11(c)(1)(C) binding plea agreement without justification.

We ordinarily review for an abuse of discretion a district court's rejection of a plea bargain. *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987); *United States v. Bean*, 564 F.2d 700, 704 (5th Cir. 1977).[1]  Where, as here, the defendant fails to object in the district court, our review is limited to plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005). Under plain error review, Young must show: (1) there was error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error "seriously affect[s] the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015) (quotation marks omitted).

Under Rule 11(c)(1)(C), the defendant and government may enter a plea agreement that provides that "the government will agree that a specific sentence . . . is the appropriate disposition of the case."  Fed. R. Crim. P. 11(c)(1)(C).  When presented with a plea agreement pursuant to Rule 11(c)(1)(C), the district court may either accept or reject the plea agreement or may defer a decision until the court has reviewed the presentence investigation report. Fed. R. Crim. P. 11(c)(3)(A).  If the district court accepts the plea agreement, it is bound by the agreed-upon sentence.  Fed. R. Crim. P. 11(c)(4).

A district court enjoys broad discretion under Rule 11 to reject a plea agreement. *See Bean*, 564 F.2d at 704.  A district court

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

does not abuse its discretion when it rejects a plea agreement because the agreement does not adequately reflect the seriousness of the defendant's offense conduct. *United States v. Gamboa*, 166 F.3d 1327, 1330-31 (11th Cir. 1999). Nor does a district court abuse its discretion when it rejects a plea agreement because the agreement will result in a sentence that is too lenient under the circumstances. *Bean*, 564 F.2d at 704.

Here, Young's argument—that the district court rejected the binding plea agreement without justification—is belied by the record. During the plea hearing, the district court stated that accepting a plea deal stipulating to a 27-month sentence "would be absolutely ignoring [Young's] conduct in this case." The district court reached this conclusion after discussing Young's offense conduct, including that he fled from the police after being pulled over and abandoned the car he was driving. The district court observed that the officers subsequently found the ammunition in the car with a "bunch of debit cards." The district court pointed out that it previously had revoked Young's supervised release in a separate criminal case after Young shot someone, that no firearm charges were filed as a result of that shooting, and that Young's current § 922(g) offense conduct was "standard operating procedure" for which he had already "had many chances." The district court also noted the strength of the government's case. Specifically, the district court confirmed with the government that it had a witness who could identify Young, that there were "no search issues" regarding the ammunition, and that Young's sister

had made a statement that Young possessed the car for the two months prior to the traffic stop.

In short, the district court adequately justified its refusal to accept the binding plea agreement by explaining why the 27-month sentence did not account for the seriousness of Young's conduct. The district court's reason for rejecting the plea agreement did not constitute an abuse of discretion. *See Gamboa*, 166 F.3d at 1331; *Bean*, 564 F.2d at 704. Accordingly, Young has shown no error, much less plain error.

## II.  SUFFICIENCY OF THE EVIDENCE

We review *de novo* the denial of a motion for a judgment of acquittal and the sufficiency of the evidence to support a conviction. *United States v. Hill*, __ F.4th __, 2024 WL 4395174, at *1 (11th Cir. Oct. 4, 2024). We view the evidence and draw all inferences in the light most favorable to the government. *Id*. We will affirm "if a reasonable trier of fact could conclude the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016) (quotation marks omitted). Under this standard, the trial evidence "need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of [a defendant's] guilt, as long as a reasonable factfinder choosing from among reasonable constructions of the evidence could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Ochoa*, 941 F.3d 1074, 1102 n.18 (11th Cir. 2019) (quotation marks omitted).

23-12921               Opinion of the Court                    7

To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove that: (1) the defendant was a felon; (2) the defendant knew he was barred from possessing ammunition; (3) the defendant knowingly possessed ammunition; and (4) the ammunition affected or was in interstate commerce. *See Rehaif v. United States*, 588 U.S. 225, 227 (2019); *United States v. Green*, 873 F.3d 846, 852 (11th Cir. 2017).

On appeal, Young argues the government's evidence was insufficient to prove beyond a reasonable doubt his knowing possession of the ammunition. For § 922(g) purposes, possession can be either actual or constructive. *Ochoa*, 941 F.3d at 1104. At trial, the government relied on a constructive possession theory.

Constructive possession can be proven by direct or circumstantial evidence. *Id.* Mere proximity to a firearm or ammunition is insufficient to prove constructive possession. *Id.* Rather, to prove constructive possession, the government must offer evidence that the defendant "was aware of the gun's presence and had the ability and intent to exercise dominion and control over it." *United States v. Morales*, 893 F.3d 1360, 1371 (11th Cir. 2018); *Ochoa*, 941 F.3d at 1104. A jury can infer a defendant's knowledge of ammunition or a firearm in a vehicle he is driving based upon his resisting arrest. *See United States v. Wright*, 392 F.3d 1269, 1274 (11th Cir. 2004) (recognizing that an attempt to resist arrest "could indicate that [the defendant] only resisted after he realized officers would impound the car and discover the gun").

Here, the district court did not err in denying Young's motions for a judgment of acquittal because there was ample circumstantial evidence from which a reasonable jury could find that Young constructively possessed the ammunition found in the trunk of the car he was driving. Specifically, Officer Altoniece Williams's testimony, corroborated by her body camera video, established that (1) Young was the driver of the white Kia that she pulled over, and (2) Young drove away from the scene, requiring Officer Williams to pursue him in her patrol car. Officer Williams briefly lost sight of the white Kia and then spotted it abandoned and still running on grass at an apartment complex.

Officer Williams and Officer Devin McAnnally searched the Kia, and in the driver area, Officer Williams found credit cards and a pill bottle with Young's name on them. According to Officer McAnnally's testimony, also corroborated by the officers' body camera videos, he searched the Kia's trunk. Officer McAnnally found, under a brightly colored jacket, a Ziploc bag containing a box of ammunition and a collection of credit and debit cards. The government submitted a photograph, posted on Facebook two months before the traffic stop, depicting Young wearing the same colorful jacket. Further, five of the credit cards in the Ziploc bag bore Young's name, and at least one other card was registered to the same email address as a card in Young's name.

Investigator Jared Olvey testified he subsequently determined that Melody Young, defendant Young's sister, was the registered owner of the Kia but that defendant Young had

possession of the Kia for about two months prior to the instant traffic stop.

Based on this evidence, a reasonable jury could find that Young possessed and controlled the Kia on the night of the traffic stop. By that time, Young had been driving the Kia for about two months, and the officers found items belonging to Young throughout the car. Young's possession and control over the Kia permitted the jury to infer his constructive possession of the items within it. *See United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (explaining that constructive possession can be found from evidence of "control over the premises or the vehicle in which the contraband was concealed").

As for the ammunition specifically, a reasonable jury could find Young knew of and had control over the ammunition given that it was stored in a Ziploc bag with credit and debit cards that were in Young's name or linked to him in some way and that the bag was found with a distinctive jacket the jury reasonably could conclude belonged to Young. *See Ochoa*, 941 F.3d at 1105 (concluding the jury had sufficient evidence of constructive possession based on evidence the ammunition was found in a bedroom with other personal items of the defendant, including phones, personal identification cards, and travel papers). The jury also could reasonably infer Young's knowledge of the ammunition because he fled the traffic stop and then abandoned the Kia when Officer Williams pursued him. *See Wright*, 392 F.3d at 1274.

Young points out that no fingerprint or DNA evidence connected him to the Kia or the box of ammunition. But as Investigator Olvey testified, the absence of such evidence does not mean Young did not touch or possess the bag or its contents. And the government was not required to "exclude every reasonable hypothesis of innocence." *Ochoa*, 941 F.3d at 1102 n.18.

The government's circumstantial evidence, viewed in the light most favorable to the jury's verdict, amply supports the jury's finding beyond a reasonable doubt that Young constructively possessed the ammunition found in the Kia's trunk. Accordingly, we affirm the district court's denial of Young's motions for a judgment of acquittal.

**AFFIRMED.**